1
2
3
4                    IN THE UNITED STATES DISTRICT COURT
5                    EASTERN DISTRICT OF CALIFORNIA
6

| | |
|---|---|
| 7  UNITED STATES OF AMERICA, | CASE NO.  1:20-mc-00042-BAM |
| 8        Plaintiff, | ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN DISTRICT JUDGE |
| 9        v. | |
| 10  ANA TERESA GORSHE and RANDAL LOUIS GORSHE, | FINDINGS AND RECOMMENDATIONS REGARDING REQUEST FOR FINAL GARNISHMENT ORDER |
| 11        Defendants and Judgment Debtors. | (Doc. No. 13) |
| 12 | |
| 13  TRI COUNTIES BANK, (and its Successors and Assignees), | **FOURTEEN-DAY DEADLINE** |
| 14        Garnishee. | |
| 15 | |

16       Currently pending before the Court is the United States' request for findings and

17 recommendations regarding issuance of a final garnishment order (the "Application") against the non-

18 exempt property and accounts that Defendants Ana Teresa Gorshe and Randal Louis Gorshe

19 ("Defendants") maintain with garnishee Tri Counties Bank (the "Garnishee").  (Doc. No. 13.)  The

20 matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302(c)(7).

21  **I.    BACKGROUND**

22       On January 28, 2019, pursuant to a plea agreement with the United States, Defendants entered a

23 plea of guilty to one count of violation of 26 U.S.C. § 7206(1)—Making and Subscribing a False Tax

24 Return. (*United States v. Gorshe, et al.,* Case No. 1:18-cr-00235-NONE-BAM, Doc. Nos. 10, 11.)  On

25 January 13, 2020, the Court sentenced Defendants to sixty months of probation and further ordered

26 Defendants to each pay a statutory assessment of $100.00 as well as $482,102.00 in joint and several

27 restitution.  (*Id.* at Doc. Nos. 26, 27.)

28        In an attempt to collect the restitution and special assessment owed, the United States filed an

application for a writ of continuing garnishment against any bank, stock, or brokerage accounts in the possession, custody, or control of the Garnishee in which Defendants have an interest.  (Doc. No. 1.)  On July 28, 2020, the United States filed an amended application requesting that a writ issue against the accounts in the Garnishee's possession, custody, or control up to and including the amount of $165,749.33. (Doc. No. 4.)  According to the amended application, the Defendants still owe restitution of $224,302.00. (*Id.*)

The Clerk of Court issued the writ of garnishment on July 29, 2020.  (Doc. No. 5.)  The United States subsequently served the Garnishee and Defendants with copies of the writ and related documents. (Doc. Nos. 9, 10.)  The documents served on Defendants advised them, among other things, of their rights to claim exemptions to garnishment and request a hearing on their claims, request a hearing to quash the writ, and/or object to the Garnishee's answer of garnishee (the "Answer") and request a hearing thereon.  (Doc. Nos. 9, 10.)

The Garnishee filed its acknowledgement of service and Answer on August 20, 2020, identifying two checking accounts in which Defendants maintain an interest.  (Doc. No. 11.)  The Garnishee served the answer on Defendants.  (Doc No. 11.)  The United States now seeks a final order of garnishment pursuant to section 3205(c)(7) of the Federal Debt Collections Procedure Act ("FDCPA"), 28 U.S.C. §§ 3001, *et seq*., requiring the Garnishee to liquidate and pay to the Clerk of Court the contents of Defendants' bank accounts with the Garnishee in order to partially satisfy Defendants' unpaid restitution order.  (Doc. No. 13.)

## II.   DISCUSSION

The Mandatory Victims Restitution Act ("MVPA") makes restitution mandatory for certain crimes.  *See* 18 U.S.C. §§ 1341, 3663A.  Pursuant to the MVPA, the United States may enforce a judgment imposing a fine, including restitution, in accordance with the practices and procedures for enforcing a civil judgment under the FDCPA.  *United States v. Mays,* 430 F.3d 963, 965, n.2 (9th Cir. 2005).  The FDCPA sets forth the "exclusive civil procedures for the United States . . . to recover a judgment on. . . an amount that is owing to the United States on account of . . . restitution."  *Id.* at 965.

The FDCPA permits the Court to "issue a writ of garnishment against property (including nonexempt disposable earnings) in which the debtor has a substantial nonexempt interest and which is in

the possession, custody, or control of a person other than the debtor, in order to satisfy the judgment against the debtor." 28 U.S.C. § 3205(a). Property is defined under the FDCPA to include, in relevant part, "any present or future interest, whether legal or equitable, in real, personal . . ., or mixed property, tangible or intangible, vested or contingent, wherever located and however held (including community property and property held in trust . . .)[.]" 28 U.S.C. § 3002(12). The government is required by the FDCPA to provide the judgment debtor with notice of the commencement of garnishment proceedings. 28 U.S.C. § 3202(b). The judgment debtor then has twenty days after receipt of the notice to request a hearing. 28 U.S.C. § 3202(b). After the garnishee files an answer, and if no hearing is requested within the required time period, the Court must promptly enter an order directing the garnishee as to the disposition of the judgment debtor's property. 28 U.S.C. § 3205(c)(7).

Here, Defendants' interest in the bank accounts in the custody of the Garnishee are property as defined under the FDCPA and are therefore subject to garnishment. *See* 28 U.S.C. §§ 3002(12), 3205(a). The United States provided Defendants with notice of the garnishment proceedings on July 31, 2020 (Doc. No. 10.) The documents served on Defendants advised them of their rights to claim exemptions and request a hearing on their claims, request a hearing to oppose the writ, and object to the Answer and request a hearing. (*Id.*) Defendants were further advised of the applicable deadlines for exercising these rights under the FDCPA. (*Id.*) Neither Defendants nor any other person filed any exemption claims, objections, requests for hearing, or other response in this garnishment action and their time to do so has now expired. Pursuant to 28 U.S.C. § 3205(c)(7), as no hearing was requested during the applicable time period, the Court will recommend that an order issue directing the Garnishee as to the disposition of Defendant's bank accounts.

## III.   **ORDER AND RECOMMENDATIONS**

Accordingly, the Clerk of the Court is HEREBY DIRECTED to randomly assign a District Judge to this action.

Further, based on the foregoing, IT IS HEREBY RECOMMENDED that:

1.   The United States' request for a final garnishment order be GRANTED;

2.   Garnishee Tri Counties Bank be directed to pay to the Clerk of the United States District Court $165,749.33 of the funds in the accounts held by Garnishee in which Ana Teresa Gorshe and

1  Randal Louis Gorshe have an interest within fifteen (15) days of entry of an order adopting these findings

2  and recommendations;

3      3.      Garnishee Tri Counties Bank be directed to make payment in the form of a cashier's check,

4  money order, or company draft made payable to the Clerk of the Court, delivered to the Office of the

5  Clerk, United States District Court, Eastern District of California, 501 I Street, Suite 4-200, Sacramento,

6  California 95814, and stating the criminal case number (Case No. 1:18-cr-00235-LJO-SKO) on the

7  payment instrument;

8      4.      The garnishment terminate once the Garnishee Tri Counties Bank makes payment to the

9  Clerk of Court as provided in paragraphs 2 and 3; and

10      5.      The Court retain jurisdiction to resolve matters through ancillary proceedings in the case, if

11  necessary.

12      These Findings and Recommendations will be submitted to the United States District Judge

13  assigned to the case pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **fourteen (14)**

14  **days** after being served with these Findings and Recommendations, any party may file written

15  objections with the Court and serve a copy on all parties.  The document should be captioned

16  "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that failure

17  to file objections within the specified time may result in the waiver of the "right to challenge the

18  magistrate's factual findings" on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014)

19  (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

20  IT IS SO ORDERED.

21  Dated:   **October 6, 2020**               /s/ Barbara A. McAuliffe

22                                    UNITED STATES MAGISTRATE JUDGE

23

24

25

26

27

28